UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-303-RJC

| | |
|---|---|
| CHARLES EVERETTE HINTON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| DENNIS DANIELS, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus,[1] (Doc. No. 1), and on the following motions by Petitioner: (1) Ex Parte Motion for Issuance of Writ, (Doc. No. 9); (2) Motion for Trial by Jury and for Evidentiary Hearing, (Doc. No. 11); (3) Motion to Petition for Stay of Proceedings, (Doc. No. 14); (4) Motion to Expedite Trial by Jury, (Doc. No. 17); Motion for Stay of Proceedings, (Doc. No. 19); Motion to Compel, (Doc. No. 20); Motion for Default Judgment, (Doc. No. 22); and Motion/Petition for A Court Order to Obtain Depositions to Perpetuate Testimony, (Doc. No. 25).

**I.    BACKGROUND**

Pro se Petitioner is a prisoner of the State of North Carolina who, on or about April 25, 2012, in Mecklenburg County Superior Court, was convicted of being a habitual felon. This conviction was consolidated with his conviction for being a sex offender. Petitioner was sentenced to 127 to 162 months imprisonment. Petitioner does not state in the petition whether he appealed or whether he filed any post-conviction habeas proceedings in state court. A

---

1 As discussed, infra, Petitioner initially filed this action as a § 2241 petition in the Eastern District of North Carolina, but that Court stated that the petition must be brought as a § 2254 petition. For simplicity's sake, the Court here refers to the petition as one brought under § 2254.

Westlaw search indicates, however, that on August 23, 2012, the North Carolina Supreme Court denied a petition for a writ of certiorari filed by Petitioner on June 27, 2012, seeking review of an order of the Mecklenburg County Superior Court. State v. Hinton, 731 S.E.2d 422 (N.C. 2012). On November 27, 2012, the North Carolina Supreme Court denied Petitioner's application for a writ of habeas corpus. State v. Hinton, 734 S.E.2d 853 (N.C. 2012). On December 13, 2012, the North Carolina Supreme Court entered an order denying Petitioner's "Request for Disposition on Petition for Writ of Habeas Corpus." State v. Hinton, 734 S.E.2d 869 (N.C. 2012).

On or around November 28, 2012,[2] Petitioner filed the instant § 2254 petition, alleging essentially that the state court did not have jurisdiction to obtain the criminal convictions against him because he did not consent to jurisdiction.

**II.     STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

**III.    DISCUSSION**

Here, Petitioner essentially contends that the state courts lacked jurisdiction to convict him of being a sex offender and of being a habitual felon because he did not consent to the state

---

[2] Petitioner placed the instant petition in the prison mailing system on November 22, 2012. See (Doc. No. 1 at 8). Petitioner initially filed the petition in the Eastern District of North Carolina but by order dated May 20, 2013, that court transferred the petition to this Court. See (Doc. No. 24).

2

court's jurisdiction.³ Petitioner contends that "[a]t no time prior to, during, or after the unconstitutional seizure of Applicant's natural person and liberty on December 17, 2010, and the unconstitutional judgments on April 25, 2012 was Applicant a citizen of any union State or of the State of North Carolina." (Doc. No. 1 at 3-4). Petitioner contends that the state court did not have jurisdiction to convict him because "at no time did [Petitioner] accept, agree, consent, request, or receive any of the following: representation by state court appointed, or assigned counsel; process of service in any action; general appearance; personal jurisdiction; subject-matter jurisdiction; indictment; presentment; indictment of a grand jury; or waiver of presentment or indictment of a grand jury; or appeal, etc." (Doc. No. 1 at 5).

Petitioner's claim that he did not "consent" to the jurisdiction of the State of North Carolina and its criminal laws is frivolous. All persons within the State of North Carolina, particularly citizens of the State, are "subject to its criminal laws and are within the jurisdiction of its courts." State v. McAlhaney, 220 N.C. 387, 17 S.E.2d 352, 354 (1941). Petitioner originally filed this action as a § 2241 petition in the U.S. District Court for the Eastern District of North Carolina. That court found that the petition must arise under § 2254, rather than under § 2241. Before this Court dismisses the petition with prejudice as one arising under § 2254, Petitioner is first entitled to the notice and opportunity, pursuant to Castro v. United States, 540 U.S. 375 (2003), to state whether he intended to bring the action as one arising under § 2254. Rather than issuing such notice to Petitioner, this Court will instead dismiss the petition without prejudice so that any subsequent § 2254 petition that Petitioner files in this Court will not be successive. The Court advises Petitioner, however, that the jurisdictional claim he has raised in

---

³ Petitioner does not specify the convictions in his petition, but the Court has consulted his inmate records on the North Carolina Department of Public Safety web site.

3

the instant petition is frivolous and he has no chance of success on this claim in any subsequent § 2254 petition. The Court further advises Petitioner that, as to any claims he brings in a subsequent § 2254 petition, he must first exhaust his state court remedies, or his claims will be subject to dismissal based on failure to exhaust.

### IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2254 petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 petition, (Doc. No. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. The following motions filed by Petitioner are **DENIED** as **MOOT**: (1) Ex Parte Motion for Issuance of Writ, (Doc. No. 9); (2) Motion for Trial by Jury and for Evidentiary Hearing, (Doc. No. 11); (3) Motion to Petition for Stay of Proceedings, (Doc. No. 14); (4) Motion to Expedite Trial by Jury, (Doc. No. 17); Motion for Stay of Proceedings, (Doc. No. 19); Motion to Compel, (Doc. No. 20); Motion for Default Judgment, (Doc. No. 22); and Motion/Petition for A Court Order to Obtain Depositions to Perpetuate Testimony, (Doc. No. 25).

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge