UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-303-RJC

| | | |
|---|---|---|
| CHARLES EVERETTE HINTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DENNIS DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion Demand for Judgment, (Doc. No. 34), seeking relief from this Court's dismissal without prejudice on June 10, 2013, of Petitioner's habeas corpus petition.[1]

On or around November 28, 2012,[2] Petitioner filed the instant petition, alleging essentially that the state court did not have jurisdiction to obtain the criminal convictions against him because he did not consent to jurisdiction. On June 10, 2102, this Court dismissed the petition as frivolous. In its Order, the Court specifically found that Petitioner originally filed this action as a § 2241 petition in the U.S. District Court for the Eastern District of North Carolina. This Court noted that the Eastern District found that the petition must arise under § 2254, rather than under § 2241. This Court recognized that, before dismissing the petition <u>with</u> prejudice as one arising under § 2254, Petitioner is first entitled to the notice and opportunity, pursuant to United States v. Castro, 540 U.S. 375 (2003), to state whether he intended to bring the action as

---

[1] Petitioner's motion is in the nature of a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

[2] Petitioner placed the instant petition in the prison mailing system on November 22, 2012. See (Doc. No. 1 at 8). Petitioner initially filed the petition in the Eastern District of North Carolina but by order dated May 20, 2013, that court transferred the petition to this Court. See (Doc. No. 24).

1

one arising under § 2254. The Court further stated that, rather than issuing such notice to Petitioner, this Court would instead dismiss the petition <u>without prejudice</u> so that any subsequent § 2254 petition that Petitioner files in this Court will not be considered successive. The Court further advised Petitioner in its prior Order, however, that the jurisdictional claim that Petitioner raised in the instant petition is frivolous and he has no chance of success on this claim in any subsequent § 2254 petition. The Court also advised Petitioner that, as to any claims he brings in a subsequent § 2254 petition, he must first exhaust his state court remedies, or his claims will be subject to dismissal based on failure to exhaust.

Here, in his "Motion for Demand for Judgment," Petitioner complains that this Court wrongly construed his petition as one arising under § 2254, rather than under § 2241. Petitioner's motion is denied, as the Court explicitly stated in its prior order that the dismissal was without prejudice. Therefore, there is simply no merit to Petitioner's argument that he was deprived of any rights that he had under <u>Castro</u>.

In sum, for the reasons stated herein, Petitioner's Motion for Demand of Judgment will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Demand for Judgment, (Doc. No. 34), is **DENIED**.

Signed: July 26, 2013

Robert J. Conrad, Jr.
United States District Judge

2